IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KRISTEN RYKARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:10-cv-868-MHT |
| ) | [wo] |
| CITY OF DOTHAN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 18, filed June 15, 2011). Pending before the Court is *Defendant City of Dothan's Motion to Dismiss and Supporting Brief* (Doc. 5, filed 12/22/10). For good cause, the Magistrate Judge recommends that the Court deny the motion to dismiss.

**I. STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp.2d 468, 471 (M.D. Ala. 2000). It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's

allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

In other words, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). Moreover, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

at 545, 127 S.Ct. at 1965 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 570, 127 S.Ct. at 1974.

## II. BACKGROUND

Plaintiff Kristen Rykard ("Plaintiff" or "Rykard") filed her complaint on October 14, 2010. *See* Doc. 1. She brings claims against the City of Dothan ("Defendant" or "the City") pursuant to 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. *Id*. As noted above, the Court must accept Plaintiff's allegations as true for the purposes of a motion to dismiss. Specifically, Rykard alleges that on or about October 19, 2009 she was incarcerated in the Dothan city jail. While she awaited her initial appearance, she developed a pain in her left hand. Rykard was taken to the doctor and prescribed medication. She alleges that pursuant to a policy of the City, she was denied her medication. As a result, her hand and forearm became swollen and developed puss-filled blisters which exuded a foul smell. Despite numerous requests to see medical personnel, she was not taken to sick call or to a doctor. The swelling continued, the skin on her hand began to tear apart causing her severe pain, and the fluid filled blisters were approximately three quarters of an inch in diameter and half an inch high and changed colors. The City still refused to provide medical treatment even after Plaintiff started having diarrhea and throwing up. Once Rykard finally saw a physician she was informed that she had beta hemolytic streptococci – an advanced

flesh eating disease. She avers that as a consequence of the delay in receiving medical treatment due to the City's deliberate indifference to her medical condition, the infection was allowed to become worse than it otherwise would have been if she had received timely treatment. Consequently, she now has a permanent physical injury, endured excruciating pain, incurred substantial medical bills in excess of $250,000.00, lost her job resulting in lost earnings of $82,200.00 per year, and requires continued medical treatment and therapy. She seeks judgment in the amount of $10,000,000.00 and attorneys fees.

The City filed its motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *See* Doc. 5. The City asserts two basis for dismissal. First, it alleges that Rykard's complaint fails to allege a pervasive custom or practice which would subject the City to liability under § 1983. Second, the City avers that Rykard failed to exhaust the administrative remedies required under the Prison Litigation Reform Act. Rykard timely responded to the motion to dismiss which is ripe for this Court's review.

### III.  DISCUSSION AND ANALYSIS

**A.      Section 1983 municipal liability**

It is well established that there can be no *respondeat superior* for § 1983 claims. *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Holloman ex. rel. Holloman v. Harland*, 370 F.3d 1252, 1290 (11th Cir. 2004). Therefore, the named defendant in a § 1983 suit may only be held liable for its own unconstitutional conduct and not that of subordinates or employees. *Monell*, 436 U.S. at 694,

98 S.Ct. at 2037-38.  "A local government may be held liable under § 1983 only for acts for which it is actually responsible, acts which the local government has officially sanctioned or ordered." *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1287 (11th Cir. 1998) (internal quotations and citations omitted).  Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Id.* at 1292.  To determine whether the City of Dothan is a proper defendant "[a] court's task is to 'identify those officials or government bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-85, 117 S.Ct. 1734, 1736, 128 L.Ed.2d 1 (1997) (quoting *Jett v. Dallas Indep. School. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)).  In short, the City of Dothan is liable only for constitutional deprivations that result from its customs, policies, and practices.

The City argues that Plaintiff fails to point to any pervasive custom or practice of city jail personnel failing to give prisoners the medication.  However, a review of the complaint clearly shows that Plaintiff specifically averred "[t]he City of Dothan through its agents and employees and pursuant to a policy of the city failed to provide the plaintiff with the medication prescribed." *See* Doc. 1 at ¶ 7.  Further, there is no heightened pleading standard as to § 1983 claims asserted against municipal defendants. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166-67, 113 S.Ct. 1160, 1162, 122

L.Ed.2d 517 (1993). Thus, Plaintiff must simply satisfy the basic pleading requirement of Fed. R. Civ. P. 8(a)(2) which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 550 U.S. at 545, 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

*Financial Sec. Assur., Inc. v. Stephens, Inc.* 500 F.3d 1276, 1282-83 (11th Cir. 2007). Further, the Supreme Court has further stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950 (citation omitted).

Turning to the complaint at issue, the Court finds that there are sufficient allegations which allow the Court to reasonably infer that the defendant may be liable for the alleged misconduct. Taking the facts as true - as the Court must do - Plaintiff informed numerous jail personnel of her worsening medical condition and all these personnel ignored and neglected her over some period of time. There are reasonable facts to infer that a policy and custom exists where multiple city employees repeatedly ignore a detainee's ongoing requests for medical care despite obvious serious symptoms. Thus, the Court determines that dismissal is inappropriate as this nascent phase of the lawsuit. The claim is more properly addressed at summary judgment.

**B.     Prison Litigation Reform Act Exhaustion Requirement**

The City also asserts the complaint is due dismissal because "it contains no reference to exhaustion of her administrative remedies." *See* Doc. 5 at p. 5. But contrary to the City's assertion, a plaintiff does not have to plead exhaustion in her complaint as it is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("[F]ailure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."). The party asserting the affirmative defense must carry the burden of proving the defense. *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006); *see also Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 (11th Cir. 1990) (defendant has the burden of making a showing that an affirmative defense is

applicable); *Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1550-51 (11th Cir. 1990) (defendant bears the burden of proof on his or her affirmative defense). To satisfy this burden, the City cannot simply point out deficiencies, but rather, must affirmatively produce evidence of its own.

There is nothing before the Court which shows Rykard failed to exhaust any available administrative remedy. The burden is on the City to conclusively establish its affirmative defense. The City submitted no evidence to the Court to consider and even if evidence had been submitted, it could not be considered under a Rule 12(b)(6) motion to dismiss. Rather, to consider matters outside the pleadings, the Court must review the matters using the summary judgment standard under FED. R. CIV P. 56.  *See* FED. R. CIV. P. 12(d).

## IV. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that *Defendant City of Dothan's Motion to Dismiss and Supporting Brief* (Doc. 5) be **DENIED**.

It is further **ORDERED** that the parties file any objections to this Recommendation on or before **August 23, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 9th day of August, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE